**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN JUAN-OSCORIO, AKA Robert Garcia, AKA Roberto Garcia, AKA Jesus Juan-Juan, AKA Juan Juan-Osorio, AKA Juan Osorio, | No.    15-71887 |
| | Agency No. A027-202-046 |
| Petitioner, | MEMORANDUM* |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Juan Juan-Oscorio, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

&ast;  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"), and deeming abandoned his application for NACARA benefits. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of discretion the decision to deem an application abandoned, *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Juan-Oscorio's asylum claim because he failed to establish a well-founded fear of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). In this case, because Juan-Oscorio failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Juan-Oscorio failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We lack

jurisdiction to consider Juan-Oscorio's contention that the IJ's analysis of his CAT claim was incomplete because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, the IJ did not abuse his discretion in determining that Juan-Oscorio abandoned his application for NACARA benefits, where he did not file a completed application with the immigration court by the deadline the IJ imposed. *See* 8 C.F.R. § 1003.31(c) (authorizing IJs to set filing deadlines and stating that an application not filed by the deadline "shall be deemed waived"). We lack jurisdiction to review Juan-Oscorio's due process contention because he failed to raise it to the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) ("[C]hallenges to procedural errors correctable by the administrative tribunal, must be exhausted before we undertake review." (citation and internal quotation omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**